Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-743-0307
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RENE DEBLANCO an individual, ) | Case No.: **'12CV2725 H    DHB** |
| ) | |
| Plaintiff ) | **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |
| v. ) | |
| PERSOLVE, LLC, a limited liability, ) dba, ACCOUNT RESOLUTION ) ASSOCIATES and DOES 1 through 10 ) inclusive, ) | |
| Defendants. ) | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ( "Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3. Plaintiff RENE DEBLANCO is a natural person residing in the state of California, County of San Diego.

4. Defendant PERSOLVE, LLC is a business collecting debts in California operating from an address at 9301 Winnetka Ave., Suite B, Chatsworth, CA 91311.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is an alleged "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV.  FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

12. At a time unknown, PERSOLVE acquired information regarding an alleged debt (the "DEBT").

13. Plaintiff did not in fact owe a debt to PERSOLVE or the purported original creditor of the account.

14. In or around November 2011 and continuing through to March 2012, PERSOLVE called Plaintiff in an attempt to collect the DEBT.

15. PERSOLVE called with such frequency and persistence as to constitute harassment.

16. On more than one occasion, PERSOLVE called Plaintiff more than once on a single day.

17. On certain days it is estimated that PERSOLVE called Plaintiff approximately three times.

18. It is estimated that PERSOLVE called Plaintiff in excess of 100 times.

19. PERSOLVE further filed a complaint against Plaintiff even though Plaintiff was not obligated on the DEBT.

20. As a result of the acts alleged above, Plaintiff suffered emotional distress and embarrassment.

//
//

## V.  FIRST CLAIM FOR RELIEF

### (As against Defendants for Violation of the FDCPA)

21. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

22. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

    (b) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

    (c) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

    (d) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

    (e) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

    (f) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

    (g) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

23. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs

pursuant to 15 U.S.C. §1692k.

24. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

## VI.  SECOND CLAIM FOR RELIEF

### (Against all Defendants for Violation of the Rosenthal Act)

25. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a) The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    (b) The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances; and

    (c) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

26. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

28. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

//
//
//
//
//

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    (a)   Actual damages;

    (b)   Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

    (c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c); and

    (d)   For such other and further relief as the Court may deem just and proper.

Date: November 8, 2012

                          ___/s/ Jeremy S. Golden_____
                          Jeremy S. Golden,
                          Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: November 8, 2011

                          ___/s/ Jeremy S. Golden_____
                          Jeremy S. Golden,
                          Attorney for Plaintiff