# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE DEBLANCO,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>PERSOLVE, LLC, d/b/a ACCOUNT RESOLUTION ASSOCIATES, and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | CASE NO. 12-CV-2725-H-DHB<br><br>**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE; AND**<br><br>**ORDER DENYING MOTION TO TRANSFER** |

On January 31, 2013, Defendant Persolve, LLC ("Persolve") filed a motion to dismiss Plaintiff's complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or alternatively to transfer the case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). (Doc. No. 4.) On February 14, 2013, Plaintiff filed an opposition. (Doc. No. 5.) Persolve filed a reply on February 25, 2013. (Doc. No. 6.) Pursuant to the Court's discretion under Local Civil Rule 7.1.d.1, the Court determines that Persolve's motion is capable of resolution without oral argument, vacates the hearing scheduled for March 4, 2013, and submits the motion on the parties' papers.

///

///

///

## **Background**

Plaintiff brings this case under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et. seq., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et. seq. (See Doc. No. 1 ("Compl.").)  As alleged in the complaint, Persolve violated the FDCPA and RFDCPA by unlawfully calling Plaintiff at Plaintiff's residence on numerous occasions and by filing a lawsuit against Plaintiff to collect an allegedly non-existent debt.  (Id.)  The phone calls occurred between November 2011 and March 2012.  (Id. ¶14.)  Persolve initiated the phone calls from its office in Chatsworth, California, which is located in the Central District of California.  (Id. ¶4.)  The parties dispute whether Plaintiff received the phone calls in Los Angeles County or in San Diego County.  Persolve filed its complaint in California Superior Court in Los Angeles County.  (Doc. No. 4-2 ¶6.)  That litigation remains in state court.

## **Discussion**

### I.    Legal Standards for a Rule 12(b)(3) Motion

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move for dismissal on the basis of improper venue.  Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), the pleadings need not be accepted as true, and the court may consider supplemental written materials and consider facts outside of the pleadings.  See Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004).  Accordingly, venue issues are ordinarily resolved on affidavits and declarations.  See William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 4:697, at 4-81 (The Rutter Group 2005); see also, Murphy, 362 F.3d at 1140-43 (deciding venue issue through allegations made in affidavits and declarations).  The plaintiff has the burden of establishing venue on a Rule 12(b)(3) motion to dismiss, Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979), but a court deciding a Rule 12(b)(3) motion must draw all reasonable inferences and resolve all factual disputes in plaintiff's favor.  Allstar Mktg. Group, LLC v. Your Store Online,

LLC, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009); see also 5B Federal Practice and Procedure § 1352 (3d ed. 2004); cf. Murphy, 362 F.3d at 1138-39 (holding that courts must draw reasonable inferences and resolve all factual disputes in plaintiff's favor in reviewing a venue dispute based on a forum-selection clause). Additionally, a district court has discretion to hold an evidentiary hearing. Murphy, 362 F.3d at 1139. "Whether to hold a hearing on disputed facts and the scope and method of the hearing is within the sound discretion of the district court." Id. If the district court declines to hold an evidentiary hearing, the "court may deny the Rule 12(b)(3) motion while granting leave to refile it if further development of the record eliminates any genuine factual issue." Id.

## II. Defendant's Motion to Dismiss

A district court may dismiss or transfer a case if the case is brought in an improper venue. 28 U.S.C. § 1406(a); Fed. R. Civ. P. 12(b)(3). Pursuant to the general venue statute, a case may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1), (2).[1] "Section 1391(b)(2) does not restrict venue to the district in which the 'most substantial' events or omissions giving rise to a claim occurred." Daniel v. American Board of Emergency Medicine, 428 F.3d 408, 432 (2d Cir. 2005); see also Setco Enters., Corp. v. Robbins, 19 F.3d 1278, 1281 (8th Cir. 1994) (explaining that § 1391(b)(2) does not require a district court to determine "which district among two or more potential forums is the 'best' venue"). For venue to be proper under § 1391(b)(2), however, there must be a close nexus between the forum and the material acts or omissions giving rise to the claim. Daniel, 428 F.3d at 433. In FDCPA cases, the location where the offending communication is received constitutes

---

[1] If there is no district fitting either description, venue lies wherever the defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b)(3).

- 3 -

a substantial part of the events giving rise to the claim for purposes of the general venue statute.  See Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 (2d Cir. 1992) (concluding that receipt of a collection notice is a substantial part of the events giving rise to an FDCPA claim for purposes of the general venue statute); Maloon v. Schwartz, 399 F. Supp. 2d 1108, 1114 (D. Haw. 2005) ("[T]he majority of FDCPA cases have held that the plaintiff's claim arises in the district in which the plaintiff received the offending communication or debt collection letter.")

After reviewing the record currently before the Court, and drawing all reasonable inferences and resolving all factual disputes in Plaintiff's favor, the Court concludes that Plaintiff has made a sufficient showing, at this stage of the litigation, that he received the unlawful phone calls in San Diego County. 28 U.S.C. § 1391(b)(2); Allstar Mktg., 666 F. Supp. 2d at 1126.  Plaintiff alleged in his complaint "that the Defendants transact business here and the conduct complained of occurred here," referring to the Southern District of California.  (Compl. ¶2.)  Plaintiff supported that allegation by submitting a declaration in which he stated that he "received collection calls while [he] was in San Diego County," and that "[a]ll of the events complained of in the complaint in this action occurred while [he] lived in San Diego County." (Doc. No. 5-2 ¶¶3, 5.); cf. Partee v. United Recovery Group, Case No. 09-9180, 2010 U.S. Dist. LEXIS 54025, at *7 (C.D. Cal. May 3, 2010) (holding that plaintiff failed to meet her burden of establishing proper venue by relying solely on the allegations in her verified complaint). Given Plaintiff's allegations in his complaint and his statements made in his declaration under penalty of perjury, Persolve merely raises a genuine issue of fact with its claims that it sent all debt collection letters to a Los Angeles address and made all phone calls to a 323 area code land-line-phone.  (Doc. No. 4-2 ¶10; Doc. No. 6-1 ¶3.)  Further, Persolve fails to show the absence of a genuine factual issue by submitting Plaintiff's bank records showing that Plaintiff had a Los Angeles address between 2006 and 2008–three years before the events giving rise to this lawsuit occurred. (Compl. ¶14; Doc. No. 4-3 at pp. 3-25.)  As such, Plaintiff has sufficiently carried his burden, at this

stage of the litigation, of establishing that a substantial part of the events giving rise to this suit occurred in this district. See Bates v. C & S Adjusters, Inc., 980 F.2d at 868; Maloon v. Schwartz, 399 F. Supp. 2d at 1114. Accordingly, the Court concludes that the Southern District of California is a proper venue based on the record currently before the Court.[2] 28 U.S.C. § 1391(b)(2); Allstar Mktg., 666 F. Supp. 2d at 1126. The Court denies Persolve's motion to dismiss without prejudice to Persolve re-filing the motion if further development of the record eliminates any genuine factual issue. Murphy, 362 F.3d at 1139.

### III. Defendant's Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A defendant seeking to transfer a case carries the burden of making a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). In evaluating the convenience of Plaintiff's choice of forum, courts evaluate the convenience of the parties; the convenience of the witnesses; the ease of access to the evidence; the familiarity of each forum with the applicable law; the feasibility of consolidating other claims; the local interest in the controversy; and the relative court congestion and time of trial in each forum. See, e.g., Gerin v. Aegon USA, Inc., Case No. 06-5407, 2007 U.S. Dist. LEXIS 28049, at *10 (N.D. Cal. Apr. 4, 2007).

After reviewing the record in light of the factors summarized in Gerin, the Court concludes that Persolve has not made a sufficiently strong showing of inconvenience to warrant transferring this case to the Central District of California. Decker Coal, 805

---

[2] Because the Court determines that the Southern District of California is a proper forum under § 1391(b)(2), the Court need not address Persolve's argument that it does not reside in this district for purposes of the general venue statute. See Powell Corp. v. Fun Wear, Inc., Case No. 89-0835, 1989 U.S. Dist. LEXIS 14850, at *2 (C.D. Cal. April 14, 1989) (declining to address defendant's argument of improper venue based on whether plaintiff's claim arose in the district because the court found that the defendant resided in the district).

F.2d at 843. First, Plaintiff chose to file his lawsuit here, and as discussed above, venue properly lies here. Second, Plaintiff resides here while Persolve's offices are located in the Central District of California. (Doc. No. 4-2 ¶5.) Additionally, Plaintiff claims that he received the offending communications here, and Persolve claims that it generated and sent the communications from the Central District of California. (See generally Doc. No. 4-2.) Each party claims that their preferred forum is the more convenient forum for their respective witnesses and regarding access to the evidence. Yet, neither party supports their general assertions with specific examples of inconvenience allowing the Court to determine relative inconvenience, such as the addresses of potential witnesses and the location of evidence to be used at trial. Thus, the convenience-of-the-parties, the convenience-of-the-witnesses, and the access-to-the-evidence factors do not weigh in favor of a transfer. Third, neither forum is more familiar with the applicable law because federal law forms the basis of Plaintiff's claims. Cal. Civ. Code § 1788.32 (making violations of sections 1692b-j of the FDCPA independent violations of the RFDCPA). Fourth, the feasibility-of-consolidation factor weighs against a transfer because the parties are not currently litigating in the Central District of California. (Doc. No. 4-2 ¶6.) Fifth, Plaintiff states that he received the offending communications while in the Southern District of California. (Doc. No. 5-2 ¶¶3, 5.) Because the harm proscribed by the FDCPA occurs where the offending communication is received, any local interest in the controversy will be here. See Bates v. C & S Adjusters, Inc., 980 F.2d at 868; Maloon v. Schwartz, 399 F. Supp. 2d at 1114. Finally, the judicial efficiency factor does not weigh in favor of a transfer as Persolve does not argue or provide any evidence that this Court's docket is more congested than that of the Central District. As none of the factors summarized in Gerin weigh in favor of a transfer, the Court concludes that Persolve has not carried its heavy burden of establishing that the Central District of California is the more convenient forum. Accordingly, the Court denies Persolve's motion to transfer under 28 U.S.C. § 1404(a).

### Conclusion

For the foregoing reasons, the Court concludes that Plaintiff has made a sufficient showing that this district is a proper venue for this action and that Persolve has failed to carry its burden of establishing that the Central District of California is the more convenient forum. As such, the Court denies Persolve's motion to dismiss under Rule 12(b)(3) without prejudice to Persolve re-filing the motion if further development of the record eliminates any genuine factual issue, Murphy, 362 F.3d at 1139, and the Court denies Persolve's motion to transfer under 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**

DATED: February 27, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT